HEIRS OF ENRIQUE LANDRÓN OTERO, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN JUAN (SECOND SECTION), Respondent.

No. 959. Submitted November 4, 1935.—Decided November 12, 1935.

Mr. Justice Córdova Dávila delivered the opinion of the court.

The present appeal has been taken to this court under the provisions of Act No. 39 for 1928 (Session Laws, p. 232), in connection with section 2 of the Act relating to appeals from decisions of the registrars of property.

The Treasurer of Puerto Rico directed to the Registrar of Property of San Juan, Second Section, an order for the cancellation of an attachment which had been levied on a certain property by the Collector of Internal Revenue to collect a certain amount due as income taxes. The registrar of property required that $3.00 in internal revenue stamps be deposited for effecting such cancellation.

The Treasurer thinks that the Government of Puerto Rico is exempt from the payment of the schedule fees, in accordance with the Act of March 15, 1909 (Session Laws, p. 94). The registrar on the contrary maintains that said act is not applicable to this case. The registrar urges that the Act of 1909, according to which the registrars of property can not charge any fees for entering or cancelling the attachments levied to collect property taxes, does not cover attachments levied to collect income taxes imposed by a subsequent act. He further urges that the cancellation is for the benefit of the debtor only and not of the creditor, which in this case is the People of Puerto Rico.

The Treasurer argues that the intention of the lawmaker was that neither the People of Puerto Rico nor the taxpay-

ers were to pay any fees for the cancellation of the attachments levied to collect taxes.

Any doubt that might arise with respect to the application of said act exempting the People of Puerto Rico from the payment of all fees, for the cancellation of an attachment levied to collect income taxes, is dispelled, in our judgment, by section 5 of Act No. 14 of 1933 (Session Laws, p. 78) according to which income taxes shall be collected "by the Treasurer of Puerto Rico through the same attachment proceedings as those established by law for the collection of property taxes."

There is no doubt that both the attachment and its corresponding entry in the registry of property, form part of the distress proceeding, and that as soon as said proceeding is discontinued upon the payment of the debt by the taxpayer, the cancellation of the attachment logically and necessarily follows, in order to restore the things to their former condition and return to the taxpayer his title free from any of the clouds created in the registry during the pendency of the proceeding brought to collect the tax.

According to the registrar, it is not necessary to pay any fee for recording the attachment, but it is overcome when the cancellation is requested because it is for the benefit of the debtor. The argument does not convince us. We think that no payment of fees is required for recording an attachment the cancellation thereof should not require such payment either. The Act of 1909 made no distinctions nor did it consider the benefit of the debtor when it provided that the registrars can not charge any fees for the entries nor for the cancellation of attachments. In accordance with section 3 of Act No. 12 of 1923 (Session Laws, p. 36), the registrars of property are to cancel *motu proprio* or at the instance of an interested party the entries of attachments for the collection of taxes, after the expiration of one year from the day it was entered. That is, the registrar must cancel, as of course (*de oficio*), without charging any fees, the entries of

attachments for the collection of taxes that are more than a year old. With greater reason must he make the cancellation without charging fees, in a case where the Treasurer requests it because the tax that gave rise to the attachment has been paid.

The decision appealed from must be reversed.